IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

JUDY A. DAVIS,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )        Case Number CIV-10-1202-C
                                        )
ERIC K. FANNING*, Acting Secretary      )
Department of the Air Force, et al.,    )
                                        )
                    Defendants.         )

## MEMORANDUM OPINION AND ORDER

Defendants filed the present Motion seeking dismissal of Plaintiff's Complaint

pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), arguing that Plaintiff's claims for

discrimination and retaliation were not administratively exhausted. In the alternative,

Defendants seek to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 37(b), as

Plaintiff failed to comply with the Court's Order directing Plaintiff to respond completely

to Interrogatory Nos. 2, 5-8, and 12. After considering Plaintiff's response to their Motion,

Defendants have withdrawn their request for dismissal pursuant to Rules 12(b)(1) and

12(h)(3), but continue with their argument pursuant to Fed. R. Civ. P. 37(b).

Plaintiff brought this action claiming she was subjected to discrimination and

retaliation in violation of the protections of Title VII during her employment with Defendant.

---

* As of June 21, 2013, Eric K. Fanning became Acting Secretary of the Air Force,
succeeding Michael B. Donley. Therefore, pursuant to Fed. R. Civ. P. 25(d), the Court makes
the appropriate substitution.

Plaintiff alleged that during her employment with Defendants, she had engaged in protected activity, namely supporting and reporting claims of wrongful conduct by her superiors. Plaintiff claimed that following these reports she was subjected to additional discrimination and retaliation based on engaging in this protected activity. In an effort to discover the particulars of Plaintiff's claims, Defendants submitted discovery requests to Plaintiff. After waiting approximately nine months for Plaintiff to respond to the discovery, Defendants sought relief from the Court. After considering the parties' arguments, the Court found Plaintiff had failed to properly respond to the discovery requests and directed Plaintiff to provide full and complete responses within 14 days of the date of the Court's Order.

It is that Order that is the subject of Defendants' present request for sanctions. It is clear that Plaintiff provided responses within the required time frame. What remains subject to dispute is the completeness of those responses. Defendants argue that the responses are inadequate to identify the relevant facts regarding her claim of wrongful termination and in fact offered no meaningful explanation of the basis for that claim. Plaintiff counters, arguing that she has set out in detail the basis for her claim and offered "lengthy" response to Defendants' discovery requests.

The Court has reviewed Plaintiff's discovery responses, as appended to Defendants' Motion to Dismiss. While the Court understands Defendants' concerns regarding those discovery requests, at this time it is impossible to determine if the responses are incomplete. It is only through testing the evidence either on dispositive motion or trial that the completeness of Plaintiff's responses can be measured. At that stage, it may very well be

that the information provided by Plaintiff constitutes the sum total of evidence she has to support her claims. If that is the case, it is unlikely her claim either now or ever has had any validity. In that event, the Court will give serious consideration to sanctions pursuant to Fed. R. Civ. P. 11 and/or 28 U.S.C. § 1927, against Plaintiff and/or her counsel. On the other hand, if in response to a dispositive motion Plaintiff tenders additional evidence not disclosed in response to discovery, Defendants may renew their request for discovery abuse sanctions.

For the reasons set forth more fully herein, Defendants' Motion to Dismiss (Dkt. No. 84) is DENIED.

IT IS SO ORDERED this 17th day of December, 2013.


ROBIN J. CAUTHRON
United States District Judge