IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUDY A. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-10-1202-C |
| | ) |
| DEBORAH LEE JAMES[1], Secretary | ) |
| Department of the Air Force, and | ) |
| U.S. MERIT SYSTEMS PROTECTION | ) |
| BOARD, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff filed this action raising a number of claims related to the termination of her employment with Defendants. After resolution of various Motions to Dismiss by Order or concession by Plaintiff regarding the scope of her claims, what remains is an allegation that Plaintiff's termination violated 42 U.S.C. §§ 2000e et seq. ("Title VII"). Defendants have filed a Motion for Summary Judgment, arguing the undisputed facts require judgment in their favor. Plaintiff contests this assertion, arguing there are many disputed facts. "The purpose of a summary judgment motion is to assess whether a trial is necessary. In other words, there 'must be evidence on which the jury could reasonably find for the plaintiff.'" Berry v. T–Mobile USA, Inc., 490 F.3d 1211, 1216 (10th Cir. 2007) (citations omitted). After reviewing the evidence presented by the parties, it is clear that no reasonable jury could find

---

[1] Deborah Lee James was confirmed as Secretary of the Air Force on December 13, 2013. Pursuant to Fed. R. Civ. P. 25(d) she is substituted as the correct party.

Plaintiff suffered discrimination or retaliation in violation of Title VII. Consequently, judgment will be entered in favor of Defendants.

Plaintiff alleges she was subjected to conduct that violates Title VII. Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Thus, for Plaintiff to prevail, there must be evidence from which a jury could determine that Defendants treated her differently because of her race, color, religion, sex or national origin. Plaintiff has offered no evidence from which a jury could make the required finding.

In discovery, Defendants asked Plaintiff to identify all employees who had discriminated against her and the acts of discrimination taken by those employees. In response Plaintiff offered six alleged acts of discrimination:

1. Refusing to fix a leak in an adjoining bathroom;

2. Directing Davis to destroy records of certain military personnel;

3. Subjecting Davis to verbal abuse;

4. Micromanaging Davis;

5. Placing a GS-11 in a position to do payroll, including giving the GS-11 the codes to make changes to payroll; and

6. Requesting combat pay even though the requesting employee was not in Iraq.[2]

---

[2] To the extent Plaintiff offers a different alleged discriminatory act in her Response, the Court will not consider it as it is inconsistent with her discovery response tendering all

(Dkt. No. 95, Exh. 13, pp. 5-6). Plaintiff provided these answers in response to an Order from the Court granting Defendant Secretary's Motion to Compel and requiring her to respond completely to the Interrogatory. (See Dkt. No. 81). After receiving the answers, Defendants sought dismissal as a sanction, arguing Plaintiff had failed to provide meaningful responses. Plaintiff objected, arguing she had provided complete responses and that the above acts were the discriminatory acts on which her claim was based. The Court denied Defendants' request, noting that "it may very well be that the information provided by Plaintiff constitutes the sum total of evidence she has to support her claims. If that is the case, it is unlikely her claim either now or ever has had any validity." (Dkt. No. 93, pp. 2-3.) The Court noted that it was only after testing the evidence that a final decision could be made. That testing has now been done and Plaintiff's case has no merit.

As noted above, to make a Title VII claim, Plaintiff must show actions were taken against her because of her race, color, religion, sex, or national origin. Because Plaintiff also makes a retaliation claim, she may also offer evidence which would allow a jury to find that she suffered consequences for engaging in protected activity. Plaintiff fails to offer any evidence or make any argument that the actions noted above occurred because of a protected trait. As the Supreme Court stated in Oncale v. Sundowner Offshore Services, Inc., 523 U.S.75, 80 (1998): "Title VII does not prohibit all verbal or physical harassment in the

---

alleged acts on which her case was based. Even were the Court to consider the newly tendered allegation, the result would be the same as Plaintiff has failed to demonstrate any connection between that act and discriminatory conduct.

workplace; it is directed only at '*discriminat[ion]* . . . because of . . . sex.'" Plaintiff has failed to offer any evidence from which a jury could find that her claimed instances of discrimination occurred because of her race, color, religion, sex, or national origin. Even if Plaintiff were to prove that Defendants did each of the six items listed, unless she also established they were done because of her race, color, religion, sex, or national origin she cannot prevail on her Title VII claim. Consequently, Defendants are entitled to judgment.

For the reasons set forth herein, Defendants' Motion for Summary Judgment (Dkt. No. 95) is GRANTED. A separate judgment will issue.

IT IS SO ORDERED this 30th day of January, 2014.

ROBIN J. CAUTHRON
United States District Judge